IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DESABE LOUIS MEADOWS, JR.,

Movant,

v.                                          Case No. 5:16-cv-05386
                                            Case No. 5:06-cr-00190

UNITED STATES OF AMERICA,

Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, Desabe Meadows' (hereinafter "Defendant") Emergency Motion to Vacate, Set Aside or Correct Sentence (ECF No. 89).   This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On April 3, 2007, Defendant pled guilty, pursuant to a written plea agreement, in this United States District Court to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carried a maximum sentence of ten years (or 120 months) in prison and a maximum term of supervised release of three years.   The charge in the Indictment further set forth that Defendant had previously been convicted of the following felony offenses:

- A 1985 felonious assault in violation of Ohio Rev. Code § 2903.11

- A 1992 felonious assault in violation of Ohio Rev. Code § 2903.11
- A 1985 robbery in violation of Ohio Rev. Code § 2911.02
- A 1985 breaking and entering in violation of Ohio Rev. Code § 2911.13[1]

(ECF No. 1; ECF No. 89 at 2).

Based upon these prior convictions, at sentencing, which occurred on June 11, 2008, this Court found that Defendant had committed three prior felony offenses categorized as "violent felonies" under 18 U.S.C. § 924(e)(2)(B) (the "Armed Career Criminal Act" or "ACCA")[2] and classified Defendant as an armed career criminal.   Thus, he was subject to a mandatory minimum sentence of fifteen years (or 180 months) of imprisonment, pursuant to 18 U.S.C. § 924(e)(1) and a maximum term of supervised release of five years. Defendant received a sentencing enhancement from a level 28 to a level 33 under section 4B1.4(b)(3)(B) of the United States Sentencing Guidelines.[3]   He

---

[1]  The parties appear to agree that, absent the residual clause, Defendant's breaking and entering conviction does not qualify as a violent felony under the ACCA.   Thus, the undersigned will not further address that issue.

[2]  The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.   18 U.S.C. §§ 922(g)(1) and 924(e)(1).   The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (Emphasis added).   Subsection (i) is known as the "elements" or "force" clause (hereinafter the "force clause").   The first portion of subsection (ii) is known as the "enumerated offenses clause."   The bolded portion of subsection (ii) is known as the "residual clause."

[3]  As applied herein, section 4B1.4(b)(3)(B) of the Guidelines states in pertinent part that, "[t]he offense level for an armed career criminal is the greatest of . . . 33, otherwise."   U.S. SENTENCING GUIDELINES MANUAL § 4B.14(b)(3)(B).

2

was sentenced to serve 180 months in prison, followed by a five-year term of supervised release.   (Judgment, ECF No. 69, entered on June 19, 2008).

Defendant unsuccessfully appealed his Judgment to the United States Court of Appeals for the Fourth Circuit, asserting that the district court abused its discretion in denying his motion to withdraw his guilty plea, and that he was sentenced in violation of the Sixth Amendment because the district court, rather than a jury, found that Defendant had three predicate violent felonies that resulted in his ACCA enhancement.   *United States v. Meadows*, No. 08-4661, 319 F. App'x 204 (Mar. 23, 2009), *cert. denied* 556 U.S. 1203 (Apr. 20, 2009).   Defendant filed no further requests for post-conviction relief until he filed the instant section 2255 motion.

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015), holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural, decision because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On June 3, 2016, the Office of the Federal Public Defender for the Southern District of West Virginia was appointed to represent Defendant to determine whether he is entitled to any relief under *Johnson*.   On June 14, 2016, Defendant filed the instant Emergency Motion to Correct Sentence under 28 U.S.C. § 2255.   (ECF No. 89).   On

3

August 5, 2016, the United States filed a Response to Defendant's section 2255 motion. (ECF No. 93).   On August 22, 2016, Defendant, by counsel, filed a Reply.   (ECF No. 94). This matter is ripe for adjudication.

## DISCUSSION

### A.    Defendant's robbery conviction still qualifies as a violent felony.

Defendant was convicted of a robbery in Ohio in 1986.   In 1985, when the robbery occurred, the applicable statute provided in pertinent part as follows:

> (A)    No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another.

Ohio Rev. Code Ann. § 2911.02(A).[4]

Defendant asserts that the Ohio robbery statute does not qualify as a violent felony, absent the residual clause, because it does not require the intentional infliction of physical force as defined in *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*").   In *Johnson I*, the Supreme Court specified that "physical force" as used in the ACCA is "force capable of causing physical pain or injury."   *Id.* at 140.

Defendant asserts that Ohio's statutes separately define "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."   Ohio Rev. Ann. Code § 2911.01(A)(1).   Defendant contends that this definition is broader than the definition contained in *Johnson I*.   (ECF No. 89 at 6).

---

4  Defendant's initial brief cites a later version of the statute, which contains significantly revised language.   (ECF No. 89 at 5).

Defendant relies upon a decision by another judge of this court interpreting a later version of the Ohio robbery statute in *United States v. Litzy*, 137 F. Supp.2d 920 (S.D. W. Va. 2015).    In *Litzy*, the district court reviewed the defendant's prior Ohio robbery conviction to determine whether it was a crime of violence as defined in section 4B1.2 of the United States Sentencing Guidelines, which utilizes a definition similar to the ACCA's definition of a violent felony.    The court stated that at "first blush it may appear obvious that robbery is a crime of violence . . . ."    *Id.* at 926.    However, the court ultimately found that the crime does not meet that definition because of the way Ohio law defines "force." As noted by Defendant:

> "Force," the court concluded, based on Ohio Rev. Ann. St. § 2901.01(A)(1), is defined as "***any*** violence, compulsion, or constraint physically exerted by ***any means*** upon or against a person or thing."    *Ibid* (emphasis added). Furthermore, the threat of force can be "implied from the perpetrator's demeanor and tone of voice."    *Ibid.*    Therefore, the statute "does not meet *Johnson* (2010)'s definition of physical force."    *Id.* at 928.    In addition, the statute allows for the use of force "against a *thing*, as opposed to violence against a *person*" and does not meet the Supreme Court's definition of physical force.    *Ibid.*

(ECF No. 89 at 6) (emphasis in original).

The Government, on the other hand, contends that Ohio robbery requires force exerted upon a <u>person</u>.    (ECF No. 93 at 9).    In support of this contention, the Government asserts that Ohio state law distinguishes between robbery, as a crime against a person, and larceny, as a crime related to property.    *State v. Davis*, 451 N.E.2d 772, 776 (Ohio 1983) (holding that robbery's elements requiring the use or threat of immediate use of force against another means force against a person).    (*Id.*)

Additionally, the Government asserts that the level of force required for Ohio robbery constitutes "violent force" or "force capable of causing physical pain or injury to another."   The Government's Response states:

> The Supreme Court of Ohio identified the distinction between theft and robbery as force, and specifically required more than minimal force as defined in § 2901.01(A)(1) in order to sustain a robbery conviction.   *State v. Furlow*, 60 N.E.2d 1112, 1113 (Ohio Ct. App. 1982).   The court specifically held that:
>
> > Requiring that the force necessary to elevate a theft to a robbery involve actual or potential harm provides a meaningful distinction between the two offenses.   The definition of force in R.C. 2901.01(A), <u>without more</u>, does not serve to sufficiently distinguish the offenses of theft and robbery.
>
> *Id.* (emphasis added) (reversing a robbery conviction for snatching a billfold from a victim's hand).   Additional examples of sufficient force include simulating possession of a firearm during the commission of a robbery, *Davis*, 451 N.E.2d at 775, and ripping a purse off the shoulder of an 85-year-old woman, *State v. Carter*, 504 N.E.2d 469, 471 (Ohio 1985).   [Footnote omitted].   Ohio robbery therefore is a crime of violence under the ACCA.

(ECF No. 93 at 10).

The Government also asserts that the decision in *Litzy* failed to properly characterize how Ohio has interpreted its own statute.   The Government's Response states:

> The Ohio Supreme Court's interpretation of its own state statute should not be second-guessed by this Court.   *See Mungro*, 754 F.3d at 272 (finding that the North Carolina Supreme Court's interpretation of its own state breaking and entering statute was binding in an ACCA analysis, and stating "when the state's highest court has articulated the elements of the offense, we are not free to conclude that it got them wrong.").   Ohio law supports the conclusion that robbery is a crime of violence.   *See United States v. Ginter*, 2016 WL 347663 (E.D. Ky. 2016) (finding Ohio robbery to be a crime of violence [sic; violent felony] under the ACCA's force clause); *Furlow*, 608 N.E.2d at 1113; *Carter*, 504 N.E.2d 469; *Davis*, 451 N.E.2d 722.

6

> Thus, despite the statutory definition of "force" in § 2901.01(A)(1), the language of the robbery statute and the Supreme Court of Ohio limits its application solely to force against a person.   Moreover, only threats of "actual or potential harm" are sufficient to support a conviction for Ohio robbery.   As the Supreme Court of Ohio said, minimal force, without more, is insufficient.   *Furlow*, 608 N.E.2d at 1113; *see also Mansur*, 375 Fed. Appx. at 464 n.8.   Therefore, Ohio robbery is a crime of violence under the ACCA.

(*Id.* at 11-12).

Defendant's Reply reiterates his position that Ohio's separate definition of "force" and the fact that the force can be exerted against a thing, rather than a person, take the Ohio robbery statute outside of the definition of a violent felony under the ACCA.   (ECF No. 94 at 6-7).   Defendant asserts that "[t]he Ohio cases cited by the Government do not compel a contrary conclusion."   (*Id.* at 7) (further noting that the cited cases were decided by the Ohio Court of Appeals, not the Ohio Supreme Court).   Defendant then attempts to distinguish each of the cases cited by the Government.   (*Id.* at 7-8).

Upon an extensive review of state and federal case law addressing various versions of the Ohio robbery statute, the undersigned has found that courts are deeply divided with respect to whether this crime qualifies as a violent felony under the force clause of either the ACCA or the career offender guideline.   *Compare United States v. Mansur*, 375 F. App'x 458 (6th Cir. 2010) (1988 Ohio attempted robbery is a violent felony under force clause of ACCA); *United States v. Sanders*, 470 F.3d 616, 623-24 & n.6 (6th Cir. 2006) (1981 Ohio robbery is a violent felony under the force clause of the ACCA); *United States v. Ginter*, No. 5:15-cv-7414, 2016 WL 347663 (E.D. Ky. Jan. 28, 2016), *vacated on other grounds by Ginter v. United States*, No. 16-5377, 2017 WL 4570519 (6th Cir. June 12, 2017) (1984 Ohio robbery is a violent felony under force clause of ACCA); *United States*

*v. Turner*, No. 3:14CR441, 2016 WL 7407514 (N.D. Ohio Dec. 22, 2016) (1995 Ohio robbery is a violent felony under force clause of ACCA); and *United States v. Campbell*, No. 3:16-cr-00005, 2017 WL 3328538 (E.D. Ky. Aug. 4, 2017) (2013 third degree robbery is a crime of violence under the force clause of the career offender guideline) *with United States v. Yates*, 866 F.3d 723 (6th Cir. 2017) (1999 Ohio robbery does not meet force clause of the career offender guideline); *United States v. Johnson*, 708 F. App'x 245 (6th Cir. Sept. 12, 2017) (1982 and 1983 robbery offenses do not meet force clause of ACCA); *United States v. Nagy*, 144 F. Supp.3d 928 (N.D. Ohio 2015) (1996 Ohio robbery does not meet force clause of ACCA); and *United States v. Litzy*, 137 F. Supp.3d 920 (S.D. W. Va. 2015) (Chambers, C.J.) (2001 Ohio robbery is not a crime of violence under the force clause of the career offender guideline).    Even the judges of this District Court have not agreed on the treatment of Ohio robbery under these career offender provisions.    While in *Litzy*, Judge Chambers found that the 2001 version of the Ohio robbery statute did not meet the force clause of the career offender guideline, Judge Copenhaver, the presiding District Judge herein, more recently found that a 1997 Ohio robbery conviction did satisfy the force clause of the career offender guideline.    *See Winbush v. United States*, No. 2:13-cv-24122, 2017 WL 1206008 (Mar. 31, 2017), *appeal filed, United States v. Winbush*, No. 17-7148 (4th Cir. Aug. 30, 2017).

Federal courts have uniformly ruled that a taking "by force and violence" entails the use of physical force and that a taking by "intimidation" or "putting in fear" involves the threat to use such force.    *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) ("taking by force or violence entails the use of physical force" and "a taking by intimidation involves the threat to use such force."); *United States v. Hill*, No. 14-cv-3872,

8

2016 WL 4120667 *6 (2d Cir. Aug. 3, 2016) (explaining that the use or threat to use physical force by putting the victim in fear of injury through such means categorically rendered Hobbs Act robbery a crime of violence under 18 U.S.C. § 924(c)(3)); s*ee also United States v. Walker*, No. 3:15-cr-49, 2016 WL 153088, *5 (E.D. Va. Jan. 12, 2016) ("[A]ny act or threatened act which engenders a fear of injury implicates force and potential force."); *United States v. Matthews*, 689 F.App'x 840, 845 (6th Cir. 2017) (Michigan unarmed robbery requiring that element of being put into fear of injury satisfied force clause of ACCA).   Moreover, the Ohio appellate courts have recognized that more than *de minimis* force is necessary to commit robbery.   *State v. Furlow*, 608 N.E.2d 1112, 1113 (Ohio Ct. App. 1992) (snatching a wallet from victim's hand not sufficient to constitute robbery); *State v. Weaver*, 1993 WL 441799 at *2 (Ohio Ct. App. 1993) (at common law, robbery required "force or violence that harmed the victim or the threat of it that put the victim in fear of such harm."); *State v. Pillow*, No. 07CA095, 2008 WL 4858358 (Ohio 2008) (use of physical force that posed actual or potential harm to persons is necessary to commit robbery).

Based upon the rationale of cases such as *McNeal* and *Hill*, and the holdings of the Ohio appellate courts finding that robbery requires a use of force that is physically exerted against a victim, or a threat that puts someone in fear of such force, the undersigned is persuaded that Defendant's Ohio robbery conviction is categorically an offense that qualifies as a violent felony under the ACCA.   Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's Ohio robbery conviction is a violent felony that qualifies as a predicate conviction under the ACCA.

### B. Defendant's felonious assault convictions are not violent felonies after *Johnson*.

Defendant further contends that his Ohio felonious assault convictions are not violent felonies that can serve as ACCA predicate offenses. Defendant was twice convicted of felonious assault in Ohio; once in 1986 (for a 1985 offense) and once in 1993 (for a 1992 offense). At the time of both offenses, the relevant statute defined the crime as follows:

No person shall knowingly:

(1) Cause serious physical harm to another;

(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code.

Ohio Rev. Code Ann. § 2903.11(A).

Defendant contends that this offense does not have the intentional use of violent force as an element in order to qualify as a violent felony under the ACCA. His motion states:

Rather than being defined by the actions taken by the defendant, this offense is defined in terms of a particular result it produces – physical harm to another. However, just because an offense has an element of injury to another does not mean it also contains an element of force used against that person. In *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), the court faced the issue of whether a California threat conviction was a crime of violence for Guideline purposes. The court explicitly rejected the Ninth Circuit's conclusion that the offense involved force because it was required to result in death or great bodily injury. "Of course," the court held, "a crime may *result* in death or seriously bodily injury without involving *use* of physical force, pointing to the example of poisoning. *Id.* at 168. Therefore, an offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence." *Ibid.* Because, Meadow's Ohio felonious assault convictions do not have an element of violent force, neither can any longer be violent felonies for ACCA purposes.

10

(ECF No. 89 at 4-5).

The Government contends that the Ohio felonious assault statute is divisible and that the court should apply the modified categorical approach to determine whether Defendant's predicate offenses meet the force clause.   The Government's brief states:

> The statute contains two distinct categories of crimes.   First, the statute criminalizes knowingly causing serious physical harm to another. Second, it criminalizes knowingly causing physical harm to another by use of a deadly weapon or dangerous ordnance, as well as attempts to do the same.   The second category requires proof that a defendant used a deadly weapon or dangerous ordnance, and does not require proof of serious physical harm.   The statute, therefore, is divisible.   *See Gomez*, 690 F.3d at 201 (analyzing a Maryland child abuse statute).

(ECF No. 93 at 5-6).

As the Government's Response further indicates, Defendant's indictments and guilty plea documents track the language in section 2903.11(A)(2).   (*Id.* at 6-7 and Attach. 1, Exs. A and B).   Thus, considering only the second section of the statute, the Government further asserts that knowingly causing or attempting to cause physical harm to another by the use of a deadly weapon or dangerous ordnance "requires proof that a deadly weapon or dangerous ordnance was used to intentionally cause or attempt to cause physical harm" and, consequently, "violent physical force is a necessary element."   (*Id.* at 12) (citing *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012)).

The Government also disputes Defendant's reliance upon *Torres-Miguel*, asserting that "the Ohio statute necessarily requires violent force to sustain a conviction because it specifies the means by which the force must be exerted – a deadly weapon or dangerous ordnance.   This is quite distinct from the examples provided by the *Tores-Miguel*

decision, which included poisoning, as well as crimes of negligence and recklessness." (*Id.* at 7).

The Government also relies upon the decision of the United States Court of Appeals for the Sixth Circuit in *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012), in which the court specifically held that both felonious and aggravated assault under Ohio law are violent felonies under the force clause of the ACCA.   (*Id.* at 4).[5]   As further noted by the Government, the Fourth Circuit has likewise found Ohio felonious assault to be a crime of violence under the guidelines' career offender provision.   *See United States v. Clark*, 131 F. App'x 29 (4th Cir. 2005) (unpublished).   (*Id.* at 7 n.2).[6]

Defendant does not appear to dispute the Government's contention that this statute is divisible.   Rather, Defendant simply asserts that the essential elements of the offense, regardless of which alternative is applicable to him, do not require the necessary level of force under *Johnson I*.   Again, Defendant largely relies upon *Torres-Miguel*, *supra*, 701 F.3d at 168, in making this argument.   (ECF No. 94 at 2-4).   His Reply brief states:

> The Government attempts to avoid the impact of *Torres-Miguel* by arguing that violent force is required because the statute "specifies the means by which the force must be exerted - a deadly weapon or dangerous ordnance."   DN 93 at 7.   That argument fails for two reasons.   First, the presence of a firearm does not automatically convert an offense that does not require force into one that does.   [Citations omitted].   Second, it ignores the fact that felonious assault with a deadly weapon requires a lesser injury (and, by the Government's argument, less force) than unarmed

---

5   The undersigned notes that *Anderson* addressed a later version of the statute, which added a section (B), which criminalizes engaging in sexual conduct without disclosing HIV positive status, which was not relevant in *Anderson* and is not relevant herein.

6   The undersigned notes, however, that *Clark*'s cursory analysis appears to rely on the commentary to the career offender guideline, as well as the residual clause.   Thus, it is difficult to tell to what degree, if any, the Fourth Circuit panel considered the force clause with respect to Clark's crime.

felonious assault. * * * [U]nder *Torres-Miguel*, that level of injury is not sufficient to prove that violent force must be used.

(*Id.* at 3-4).

Recently, relying on *Anderson*, the Sixth Circuit issued two other decisions finding that Ohio felonious assault is a violent felony under the ACCA and a crime of violence under the Sentencing Guidelines, respectively.  *See Williams v. United States*, 875 F.3d 803 (6th Cir. 2017); *United States v. Burris*, No. 16-3855, 2017 WL 6368852 (6th Cir. Dec. 13, 2017).   However, on February 28, 2018, the Sixth Circuit vacated both of those decisions and granted rehearing *en banc* in both matters, calling into doubt the soundness of the holding in *Anderson*.   In light of the uncertainty surrounding the status of Ohio felonious assault in Ohio's home circuit, the undersigned has withheld proposing a ruling herein pending the *en banc* decisions of the Sixth Circuit, which have not yet been issued. Nonetheless, the undersigned now believes that this court should not further withhold a ruling in this matter.

The argument made by the petitioners in the *en banc* rehearing of *Williams* and *Burris* is that O.R.C. § 2903.11(A)(1), which defines felonious assault as knowingly causing "serious physical harm" to another or another's unborn, cannot qualify as a violent felony because it "is overbroad and encompasses acts that do not constitute 'violent force' and include non-violent acts that do not constitute 'force.'"  Supp. Brief of Defendant-Appellant Related to Rehearing En Banc, *United States v. Burris,* No. 16-3855, Doc. 71 at 9 (Mar. 28, 2018).   The basis of this argument is that Ohio's separate definition of "serious physical harm" found in O.R.C. § 2901.01 includes mental or emotional harm, which requires no physical force at all.  *Id.* at 9-11.  The briefing in

*Williams* further emphasizes that, where a statute is not divisible, or *Shepard* documents do not shed light on the portion of a divisible statute under which a defendant was convicted, the court must consider the least culpable conduct in determining whether felonious assault is categorically a violent felony.    <u>Appellant Brian Williams's Supplemental Brief for En Banc Hearing</u>, *Williams v. United States*, No. 17-3211, Doc. No. 36 at 17-18 (Apr. 9, 2018).

The briefing pending before the Sixth Circuit focuses on the language of O.R.C. § 2903.11(A)(1) and does not appear to specifically address subsection (A)(2). Nonetheless, another lower federal court has more recently addressed this statute in light of the ACCA's force clause and found that neither subsection can satisfy the force clause. *See United States v. Price*, No. 1:18-CR-54, 2018 WL 4469791 (M.D. Pa. Sept. 18, 2018). Specifically, the Pennsylvania District Court found as follows:

> Our inquiry begins and ends with the statute's definition of "serious physical harm" and "physical harm."    [Footnote omitted].    Under Ohio law, "[s]erious physical harm to persons" includes, *inter alia*, "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment."    OHIO REV. CODE ANN. § 2901.01(A)(5)(a).    "Illness" and "physiological impairment" constitute "[p]hysical harm to persons" under the statute.    *Id.* § 2901.01(A)(3).    Physical force "exerted by and through [a] concrete bod[y] is not necessary to cause these mental and emotional harms.    *See Johnson*, 599 U.S. at 138-40.    Both clauses of Section 2903.11(A) implement a more expansive understanding of "physical harm" than the ACCA.    This categorical mismatch disqualifies Price's Ohio felonious assault conviction as a predicate offense.

*Id.* at *4.    The undersigned finds this analysis to be persuasive.

In *United States v. Castleman*, 134 S. Ct. 1405, 1409 (2014), the Supreme Court overruled *Torres-Miguel* to the extent that it found that force need not be directly applied to the body of the victim in order to be considered a "use" of force.    Nonetheless, the

14

*Castleman* Court left untouched the distinction in *Torres-Miguel* between a use of force and a result of physical injury, and that "a crime may result in death or serious physical injury without involving *use* of physical force." 701 F.3d at 168. In the instant case, the undersigned finds this distinction to be significant.

Even assuming that Ohio's felonious assault statute, O.R.C. § 2903.11, is divisible, and that we can apply the modified categorical approach to determine that Defendant's convictions were under subsection (A)(2), we still must interpret whether that portion of the statute meets the force clause. As noted above, subsection (A)(2) requires that a defendant "cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance." O.R.C. § 2903.11(A)(2).

However, "physical harm to persons" is separately defined in O.R.C. § 2901.01 as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." This definition appears to be overly broad in comparison to the definition of physical force contained in *Johnson I*, which is "force capable of causing physical pain or injury." 559 U.S. at 140. Quite simply, there is nothing in the text of these statutes that indicates the level of force required to cause such harm. Consequently, the undersigned proposes that the presiding District Judge **FIND** that both clauses of O.R.C. § 2903.11(A) are more expansive than the *Johnson I* force definition and, thus, absent the residual clause, the Defendant's convictions can no longer qualify as predicate violent felonies to support an ACCA enhancement.

### C.    Defendant is entitled to relief under section 2255.

Upon review of the record in light of *Johnson* and *Welch*, the undersigned proposes that the presiding District Judge **FIND** that Defendant's two Ohio felonious assault

15

convictions no longer qualify as "violent felonies" under section 924(e)(2) and, thus, he does not meet the criteria to be an armed career criminal.  As a result, Defendant's current sentence is "in excess of the maximum authorized by law" and "was imposed in violation of the Constitution or laws of the United States."  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to relief under 28 U.S.C. § 2255 concerning his sentence.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Emergency Motion to Vacate, Set Aside or Correct Sentence (ECF No. 89) and vacate and set aside Defendant's judgment.  In accordance with 28 U.S.C. § 2255(b), the presiding District Judge may then discharge Defendant, resentence him, or correct his sentence as may appear appropriate.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

16

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

November 30, 2018

Dwane L. Tinsley
United States Magistrate Judge

17